**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-26-01-RAW** |
| | ) | |
| **BEAU DANIEL SHOLAR,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the court is the Findings and Recommendation (#122) of the United States Magistrate Judge. The defendant has objected in part (#123) and the government has responded to the objection (#125). The government has also objected (#124) and the defendant has responded thereto (#126). The Magistrate Judge recommended that the defendant's motion to suppress fruits of an unlawful search (#74) be granted and that defendant's motion to suppress statements (#75) be denied.

Under Rule 59(b)(1) F.R.Cr.P., the district court may refer suppression motions to a Magistrate Judge for a recommended disposition. In considering an objection, the district court must conduct de novo review and "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with

instructions." Rule 59(b)(3). The undersigned has reviewed the record. *See Gee v. Estes,* 829 F.2d 1005, 1008-09 (10th Cir.1987); *Griego v. Padilla,* 64 F.3d 580, 584 (10th Cir.1995).[1]

The factual background is set forth in the Findings and Recommendation, and the parties' briefing (with at least one perplexity mentioned in footnote 4 of this order). As presented at the hearing, three issues were presented: (1) whether the search of defendant's residence was justified under the "exigent circumstances" exception to the warrant requirement; (2) whether defendant's consent to a search of his residence was valid; and (3) whether defendant's waiver of his *Miranda* rights was valid. The Magistrate Judge recommended answers of "no" to the first two questions and "yes" to the third question.

Neither party has objected to the first recommendation. The undersigned sees no error on this issue and adopts the Magistrate Judge's recommendation. Accordingly, it is established that the initial search was not justified by exigency, the only exception (other than consent) cited by the government at the hearing. Thus, the consent to search was obtained after the search had already taken place. The government bears a

[1]The record does not reflect a filed transcript. The undersigned listened to a recording of the hearing conducted by the Magistrate Judge.

"heavier burden" when consent follows an illegal search. *See United States v. Shrum,* 908 F.3d 1219, 1234 (10th Cir.2018).[2]

When a consensual search follows a Fourth Amendment violation, the government must prove both (1) that the consent was voluntary under the totality of the circumstances, and (2) that there was a break in the causal connection between the illegality and the evidence thereby obtained. *United States v. Fox,* 600 F.3d 1253, 1257 (10th Cir.2010).[3] As to (1), the government bears the burden of proving that the consent was unequivocal and specific, freely and intelligently given, and not the product of duress or coercion. *United States v. Guillen,* 995 F.3d 1095, 1104 (10th Cir.2021).

The factors that a court considers in determining voluntariness include the suspect's age, intelligence, and education, the length of detention and questioning, the use or threat of physical punishment, whether *Miranda* warnings were given, the accused's physical and mental characteristics, the location of the interrogation, and the conduct of the

---

[2]A defendant has the initial burden of establishing a causal connection between an illegal search and the evidence he seeks to suppress. *See Shrum,* 908 F.3d at 1233. Defendant has met this burden.

[3]In *United States v. Melendez-Garcia,* 28 F.3d 1046, 1054 (10th Cir.1994), the Tenth Circuit stated that *United States v. Carson,* 793 F.2d 1141 (10th Cir.1986) "blurred" the dual requirement of voluntariness and purging the taint of the Fourth Amendment violation.

police officers. *United States v. Gonzales,* 164 F.3d 1285, 1289 (10th Cir.1999). The government bears the burden of showing voluntariness by a preponderance of the evidence. *United States v. Young,* 964 F.3d 938, 943 (10th Cir.2020).

The Magistrate Judge concluded the defendant's consent was not voluntary and free of coercion "given Defendant's blatant and serious mental health issues and the fact that he was made aware that the ATF had already conducted their search." (#122 at 7). The undersigned finds the issue of voluntariness a close one. "It should not be assumed . . . that anyone suffering from some type of mental disease or defect is inevitably incapable of giving a voluntary consent to a search." LaFave, *Search and Seizure,* §8.2(e) (6th ed.2024)(footnote omitted). The undersigned has listened to the interview of defendant conducted by the two ATF agents. The defendant does not sound coerced in the least. If anything, he is garrulous. While he relates delusions, he does so to explain why he performed certain conduct. He is lucid on the separate topic of what conduct he performed.[4] The officers also informed defendant of his right

[4]The Magistrate Judge stated: "It appears Defendant was handcuffed the entire time. . . ." (#122 at 7). The sole witness at the evidentiary hearing, Trooper Couch, in explaining he did not consider the defendant to be in custody, stated in passing that the defendant was not handcuffed during the interview. This is an unsettled fact, but again the government has the burden of proof.

to refuse consent. On the other hand, defense counsel argues that the officers "exploited" defendant's condition by some of their statements. The undersigned would undertake the difficult task of resolving the issue if it were necessary to a decision.

Instead, the undersigned now moves to (2) above. To demonstrate that the taint of an illegal seizure has dissipated, the government must prove, from the totality of the circumstances, a sufficient attenuation or break in the causal connection between the illegal detention and the consent. *Fox,* 600 F.3d at 1259. The Tenth Circuit emphasizes "[t]his is a heavy burden." *Id.*

Attenuation occurs "when the connection between the unconstitutional police conduct and the evidence is remote or has been interrupted by some intervening circumstance so that the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained." *Shrum,* 908 F.3d at 1235. When determining attenuation, the court considers three factors: (1) the temporal proximity between the police illegality and the consent to search; (2) the presence of any intervening circumstances; and particularly (3) the purpose and flagrancy of the official misconduct. *United States v. Torres,* 786 Fed.Appx. 726, 730 (10th Cir.2019).

No testimony was elicited as to the precise amount of time that elapsed between the finding of the purported explosive devices and the defendant's consent. The Tenth Circuit notes that the Supreme Court has stated its precedents have declined to find the temporal proximity factor favors attenuation unless "substantial time" has elapsed. *Shrum,* 908 F.3d at 1236. It appears defendant returned to his house as the final traces of the fire were being extinguished. This would seem to be, at most, a few hours. The undersigned declines to deem this "substantial time." *See id.* at 1237 ("Defendant had little time to exercise 'free will' between the unlawful seizure of his home and his execution of the consent to search form two and a half hours later.").

The government has also presented no argument regarding an intervening circumstance. The defendant's consent is not in itself an intervening event which could remove the taint of the prior illegal seizure. *Fox,* 600 F.3d at 1260. Defendant was given a *Miranda* warning, but "*Miranda* warnings do not per se break the causal connection" between illegal conduct and subsequently obtained evidence. *United States v. Maez,* 872 F.2d 1444, 1457 (10th Cir.1989).

As to the third factor, the undersigned does not by any means find purposeful and flagrant police misconduct. It is only "misconduct" in the

sense that no warrant was obtained when it could have been at a later time. The fact remains that a warrantless search took place and the evidence and argument presented do not lead to the conclusion that an exception was applicable. Ultimately, the undersigned finds the resolution of defendant's motion to suppress search is largely a function of the burden of proof. Even if defendant's consent was voluntary, the government has not met its "heavy burden" to show attenuation.

Regarding defendant's motion to suppress statements, the Magistrate Judge recommended denial and the undersigned agrees. Just as the interview began, Trooper Couch said to defendant he was going to "read something" to him. Defendant asked "My *Miranda* rights?" and was answered in the affirmative. To make a knowing *Miranda* waiver, the defendant must have full awareness of the right being abandoned and the consequences of the decision to abandon it. *United States v. Perez,* 127 F.4th 146, 169 (10th Cir.2025). When a defendant is read his *Miranda* rights and agrees to waive those rights, that typically does the trick. *Id.* "Nothing suggests that [defendant] did not understand the *Miranda* warning." *Id.* A waiver of *Miranda* rights may be implicit. *Id.* at 170. Similar to the distinction the undersigned drew earlier, the court hears no indication that defendant's delusions interfered with his waiver of *Miranda*

rights. He already knew what *Miranda* rights were and he answered questions freely after being advised of them.

While the defendant's consent to search occurred late in the interview, his waiver of *Miranda* rights took place right at the beginning. No coercion manifests itself. Defendant contends that his statements were themselves "fruit of the poisonous tree" because the officers' questioning would not have taken place "but for" the illegal search. The court sees a distinction, although its persuasive power will not doubt be disputed. Merely by extinguishing the fire, the firefighters would have (legally) seen that the fire began (as related by defendant in the interview) by a mattress set against a wall and set ablaze. Officers could have commenced questioning of defendant regarding the crime of arson, wholly apart from discovery of the purported destructive devices.

It is the order of the court that the partial objection of the defendant (#123) is overruled. The objection of the government (#124) is also overruled. The Findings and Recommendation (#122), as supplemented herein, is affirmed and adopted as the order of the court. The motion of the defendant to suppress fruits of an unlawful search (#74) is hereby

granted. The motion of the defendant to suppress statements (#75) is hereby denied.

**ORDERED THIS 27th DAY OF OCTOBER, 2026.**

Ronald A. White

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**