**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CR-26-01-RAW** |
| **BEAU DANIEL SHOLAR,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter came before the court for pretrial conference on October 14, 2026. This order memorializes the court's rulings. Defendant is charged with one count of possession of an unregistered firearm (destructive device) in violation of 26 U.S.C. §5861(d).

Defendant's first motion in limine (#77) seeks to exclude during trial any evidence of his substance use and/or drug possession. In particular, use of marijuana or methamphetamine. The government responds (#97) in agreement as to defendant's use of methamphetamine but disagreement as to his use of marijuana, which was part of defendant's mental health regimen. Inasmuch as the defendant is apparently seeking to rely on his mental health condition as relevant to his lack of criminal

responsibility, the motion was conditionally granted in part and denied in part as described above.

Defendant's second motion in limine (#78) seeks to exclude the use of the terms "firearm," destructive device," and "bomb" during trial but does not object to the government using the terms during closing argument. Defendant acknowledges these are statutory terms pertinent to this case, but does not want them used to "beg the question" of defendant's guilt. The court denied the motion, but bears the defendant's concern in mind.

Defendant's third motion in limine (#80) seeks to admit into evidence defendant's statements to law enforcement. Specifically, (1) his statement to Muskogee police that he has schizoaffective disorder and (2) the entirety of his statement to ATF.[1] At the time of the government's response, defendant had not yet filed his notice (#94) pursuant to Rule 12.2(b) F.R.Cr.P. The government also objected on hearsay grounds. The motion was conditionally denied, but may be revisited at trial depending on the state of the evidence.

[1] In a companion order, the court denied defendant's motion to suppress his statement to ATF.

Defendant's fourth motion in limine (#81) seeks to exclude Trooper Couch's opinion that the devices found in defendant's home were "placed in the wall and appeared to be aimed in a way to potentially target firefighters if they were to enter the room to fight a fire." The court denied the motion, finding the statement admissible as lay opinion under Rule 701(a) F.R.Evid.

Defendant's fifth motion in limine (#82) seeks to exclude evidence of bullets found in defendant's home (not to include shogun shells which the government alleges are part of the devices). The government did not object and the motion was granted.

Defendant's sixth motion in limine (#83) seeks to exclude evidence of defendant's bankruptcy proceedings. Again, the government did not object and the motion was granted.

Defendant's seventh motion in limine (#84) seeks to exclude evidence (marijuana and a firearm) found in defendant's car. The motion was granted as to the firearm and conditionally denied as to the marijuana.

The government's motion in limine (#89) sought to exclude statements or testimony regarding the defendant's mental health, medical condition(s), and/or illness(es). This broad issue in the case will be

discussed at this order's conclusion. For now, the motion is granted in part and denied in part.

The government's (second) motion in limine (#90) sought to exclude statements or testimony regarding the defendant's status as a veteran, arguing such evidence was not relevant and would only be offered for jury sympathy. The defendant responded that his veteran status would only be offered for the limited purpose of explaining that he receives mental health treatment at the Muskogee VA for schizoaffective disorder; otherwise, defendant did not object to the motion. The motion was granted except for the narrow exception noted by defendant.

Defendant's motion to exclude expert testimony (#88) was taken under advisement. Defendant objects to the testimony of (1) Andrew Hawkins and (2) Matthew J. Anderson and requested a hearing.[2]

The *Daubert* factors as to reliability are as follows: (1) can the theory be tested and has it been? (2) has it been subjected to peer review? (3) known or potential rate of error; (4) existence and maintenance of standards controlling the technique's operation; and (5) does the technique have general acceptance in the relevant scientific community?

---

[2]In a companion order, the court has granted the defendant's motion to suppress as to fruits of search. This may preclude the testimony of the government's experts.

"The government intends to call Mr. Hawkins as an expert in the chemical analysis of explosives." (#45-1). In his report (#88-1), Hawkins opines about the devices seized from the defendant's residence on or about December 15, 2025, regarding whether each contained an explosive and the type of explosive materials.

Defendant objects that the witness does not meaningfully explain what he did to analyze the objects (plastic tubes and debris). (#88 at 2). He merely lists scientific techniques used on "one or more" of the objects, but does not identify or explain the method he used to reach his opinions. His testimony is unreliable because he lists a variety of techniques but does not say which technique he applied to which device, nor the results. (#88 at 6). Defendant contends it is unclear how the tests were conducted, what the exact results were, or even what the tests are. (#88 at 7). Defendant contends the opinions do not pass any of the *Daubert* factors and are also irrelevant and prejudicial. The government responds that a hearing is unnecessary as the court can rule on the present record. The court will defer the motion until trial.

Rule 702 requires the district court to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *United States v. Earls,* 129 F.4th 850, 862 (10th Cir.2025).

Under Rule 702, the court first decides whether the proffered expert is qualified by knowledge, skill, experience, training, or education to render an opinion. *Id.* Then the court determines whether the expert's opinion is reliable by assessing the underlying reasoning and methodology. *Id.* Where an expert testifies based on experience, the tribunal reviews the reliability of the testimony with reference to the nature of the issue, the expert's particular expertise, and the subject of the testimony. *Id.*

Next, the court decides whether the proffered expert's opinion is relevant; that is, whether it will help the trier of fact to understand the evidence or to determine a fact in issue. *Id.*

A district court is not required to hold a pretrial *Daubert* hearing in order to make these determinations that Rule 702 requires. *Id*

The court, however, when faced with a party's objection, must adequately demonstrate by specific findings on the record that it has performed its duty as gatekeeper. *Id.*

The gatekeeper function requires the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is scientifically valid and applicable to a particular set of facts. *Id.*

"Determinations of admissibility, which fall within the gatekeeping role of the court, are separate from determinations of weight and credibility, which are

within the province of the jury in a jury case." *Ecofactor v. Google,* 137 F.4th 1333, 1339 (Fed.Cir.2025).

The recent amendments to Rule 702: (1) clarify that proponent bears the burden and (2) emphasize that an expert's opinion must stay within the bounds of a reliable application of the expert's basis and methodology. *Id.*

Hawkins is a Forensic Chemist for the ATF. (#45-1). The court has reviewed his education, experience both in the workplace and as a witness, and his training. (#45-2). Defendant does not appear to raise a challenge regarding qualifications, and the court finds the witness is qualified.

Turning to reliability, the defendant's objection raises issues which the brief expert report does not fully address. As the court indicated at the pretrial conference: "A *Daubert* hearing is not specifically mandated and a judge may fulfill his gatekeeper obligation when asked to rule on an objection *during trial* . . . so long as the court has sufficient evidence to perform the task of ensuring reliability and relevance." *Earls,* 129 F.4th at 865. (emphasis added). The matter is reserved at this time.

Matthew J. Anderson is a Destructive Device Examiner for the ATF. (#45-3). Again, the defendant does not appear to object as to qualifications. Defendant, however, claims the opinion Anderson expresses is "pure *ipse dixit"* and largely repeats the Hawkins report. He also contends that none of the

*Daubert* factors weigh in favor of reliability. Again, the challenge is reserved for trial at this time.

Finally, the government objects (#104) to the proposed testimony of Regan Gill, a forensic psychiatric expert (#91). The government asserts that, because this is a general intent crime, testimony as to *mens rea* is irrelevant and that testimony regarding defendant's delusions would only be offered for sympathy.

Defendant has not filed a notice of insanity defense pursuant to Rule 12.2(a), but has filed a "notice of expert evidence of a mental condition" under Rule 12.2(b). (#94). The summary of the Gill testimony (#91-3) is that defendant has schizoaffective disorder and was experiencing visual and auditory hallucinations during the months leading up to December 15, 2025, although there is a typo of "2026."

The government is correct that violation of 26 U.S.C. §5861(d) has been described as a general intent crime. *See United States v. McCollom,* 12 F.3d 968, 971 (10th Cir.1993). Diminished capacity is a defense only to specific intent crimes. *United States v. Ballieu,* 480 Fed.Appx. 494, 497 (10th Cir.2012). The Supreme Court, however, in *Staples v. United States,* 511 U.S. 600, 619 (1994), read a *mens rea* requirement into the crime. *See United States v. Dwyer,* 256 F.3d 1168, 1171 (10th Cir.2001). The government must prove the defendant

knew of the features of the firearm that brought it within the scope of the Act. It is arguable that mental health evidence is relevant as to this element.

If mental health evidence is admitted it will be limited. The defendant will not be allowed to present a "quasi-insanity" defense, obtaining the benefit ("the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts" pursuant to 18 U.S.C. §17(a)), without the burden ("[t]he defendant has the burden of proving the defense of insanity by clear and convincing evidence" pursuant to §17(b)).

Of course, a court's in limine rulings are preliminary and subject to change as the case unfolds. *United States v. Eubanks,* 2022 WL 2987887, *1 (E.D.Okla.2022).

It is the order of the court that the pending motions are resolved (or reserved for trial) as described above.

**ORDERED THIS 27th DAY OF OCTOBER, 2026.**

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**